**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6160**

KENDRICK D. HAWKINS,

                Plaintiff - Appellant,

        v.

NATHAN MCMILLAN; C/O J. HERNDON; SERGEANT B. CORRELL,

                Defendants - Appellees,

        and

JOSHUA HOLMES,

                Defendant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:13-ct-03025-FL)

Submitted:  October 27, 2016          Decided:  November 9, 2016

Before KING, KEENAN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kendrick D. Hawkins, Appellant Pro Se.  Kimberly D. Grande, Kari Russwurm Johnson, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendrick D. Hawkins appeals the district court's order granting Defendants' summary judgment motion on Hawkins' excessive force claim, brought pursuant to 42 U.S.C. § 1983 (2012). The district court determined that no genuine issues of material fact existed as to whether Defendants were entitled to qualified immunity when they used force on Hawkins.

This Court reviews a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits, . . . construed in favor of the nonmoving party show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Seremeth v. Bd. of Cty. Comm'rs Frederick Cty., 673 F.3d 333, 336 (4th Cir. 2012). In determining whether an officer is entitled to summary judgment on the basis of qualified immunity, a district court is

required to ask "whether the facts, viewed in the light most favorable to the plaintiff, show that the officer's conduct violated a federal right."  Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015).

The parties offered different versions of the salient facts surrounding the use-of-force incident alleged in Hawkins' complaint.  We have reviewed the record, including Hawkins' verified complaint and his sworn declaration, and conclude that the district court failed to construe the facts in the light most favorable to Hawkins.  Because there are genuine issues of material fact in dispute, we vacate the district court's order and remand for further proceedings in the district court.  We deny Hawkins' motion for the appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3